UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ECOPRODUCTS SOLUTIONS, LP          CIVIL ACTION

VERSUS                             NUMBER 07-00126-RET-DLD

CAJUN CONSTRUCTORS, INC.

## ORDER

This matter is before the court on a referral from the district court on defendant's motion to compel more complete discovery responses from Ecoproduct Solutions, LP. (rec. doc. 52).  The motion is opposed.

*Background*

On or about August 22, 2006, EcoProducts Solutions, L.P. ("EPS") served a petition on Cajun Constructors, Inc. ("Cajun"), alleging claims of breach of contract, fraudulent inducement, negligent misrepresentation, and promissory estoppel.  The petition was filed in the 55th Judicial District Court in Harris County, Texas, and defendant timely removed the action to the Southern District of Texas, which transferred the action to the Middle District of Louisiana on or about February 21, 2007.

*The Motion to Compel*

On or about May 21, 2007, Cajun served its initial set of interrogatories and request for production of documents on EPS. On or about October 5, 2007, EPS responded to the discovery requests.  On January 30, 2009, Cajun filed the instant motion.

Cajun asserts that the responses received by EPS are evasive and incomplete, and must be treated as a failure to answer or respond under Federal Rules of Civil Procedure 37(a) and/or 37(d).  Specifically, Cajun contends that EPS generally objected to every

discovery request on the basis that there was a <u>forthcoming</u> Motion to Abate in Favor of Arbitration, and asserts that the motion to abate was filed three (3) months after the discovery requests were served.[1]  It is unclear if EPS served its responses before or after filing a motion to abate, but EPS did state in its objections that it was a <u>forthcoming</u> motion to abate, which would lead a reasonable person to assume that the motion to abate was filed after October 5, 2007, the date of EPS's responses.

Cajun provided the court with copies of EPS's responses, and the court notes that EPS objected to the time and place of the production as being unreasonable, although nowhere in the discovery requests is a time or place for production specified.  That objection is dismissed as irrelevant.  EPS's other objections were as follows:

1)   Discovery is premature;

2)   There will be a forthcoming motion to abate in favor of arbitration which explains that discovery procedures are governed by the rules of the American Arbitration Association;

3)   The information is protected by attorney-client and work product privileges;

4)   The requested discovery is confidential and trade secret information; and

5)   The definition of "EcoProducts Solutions, LP" attempts to associate persons and entities that are not related to EcoProduct or are not relevant to this litigation.

Cajun also alleges that EPS did produce documents that were allegedly responsive to its requests, but that the production was a compact disc containing 46,137 documents

---

[1] A review of the court record does not indicate that a motion to abate was filed into the court record.

in random order, and was not organized or label as required by F.R.C.P. 34.  Further, hundreds of the documents were completely irrelevant, including hundreds of pages of Bible verses, among other things.  Cajun further contends that this is the same kind of document production EPS produced in another case pending before this court, *MMR Constructors, Inc. V. Syngenta Crop Protection, Inc., et al*, Civil Action No. 06-918-RET-DLD.  In that case, the court ordered EPS to fully respond by specifically organizing and labeling the documents to correspond with the categories set forth in the request for production.  Lastly, Cajun contends that in June and September 2007, it sent correspondence to EPS requesting responses, and in response, received a blank CD <u>four months</u> after the initial requests were served in May 2007, a second CD in an unreadable format, and finally a third CD with the 46,137 documents.  It is unclear when the third CD was received.

In response to the motion to compel, EPS filed a two-page opposition, contending they served responses "sometime last fall," and that this motion was the first notice they had regarding any issues with the responses.  EPS cites Local Rule 31.1W, which states:

> No motion related to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to confer after notice.

EPS further contends that under LR 37.1W, the court may sanction opposing counsel for willfully refusing to meet and confer, and asks the court to dismiss the motion to compel for lack of either a conference or a certificate of conference.  EPS does not address any of the allegations raised by Cajun in its motion to compel.

*Discussion*

As the parties are aware, the court has broad discretion in resolving discovery issues, but before addressing those issues, the court first addresses EPS's contention that Cajun's motion is not in compliance with LR 37.1W, and Cajun should be sanctioned for its behavior. While it is true that Local Rule 37.1W addresses discovery disputes, that rule applies **only** in the Western District of Louisiana. In the Middle District of Louisiana, a similar rule was repealed in June, 2002, as would be evident to EPS had it consulted a recent copy of the Local Rules. Thus, any argument related to LR 37.1W is dismissed out of hand.

Moving on to the merits of the motion to compel, the court first notes that EPS's responses were dilatory. Responses to discovery are due within thirty (30) days of service. Rule 33(b)(2) and Rule 34 (b) (A), F.R.C.P. Further, any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Rule 33(b)(4), F.R.C.P. The court has extremely broad discretion in ruling on objections, and will generally require responses unless the administration of justice would be impeded. Further, a ruling on an objection is not a final order, and cannot be appealed until the conclusion of the case. Also, it is of no import that Cajun failed to raise the argument that the objections themselves were untimely.

As EPS did not respond to any of the allegations raised in Cajun's motion to compel, the court reviewed EPS's objections as contained in its responses, and will address each objection separately. First, EPS objected that the discovery was premature because there was a forthcoming motion to abate in favor of arbitration which would explain that discovery procedures are governed by the rules of the American Arbitration Association. A review

of the docket reflects no such motion has been filed into the record of this court. Moreover, EPS has cited to no cases to support the proposition that a party may object to responding to all discovery on the ground that a motion will be forthcoming. Thus, the court rejects this objection, and will order EPS to respond to the discovery.

Next, the court reviewed Cajun's definition of "EcoProducts, Solutions, LP." That definition reads as follows:

> Whenever the terms "you" and "your" appear herein, they shall mean the defendant, **ECOPRODUCT SOLUTIONS, LP**, and every other individual who, because acting as a representative of the Defendant, can be required to furnish information to such Defendant, including any lawyer or other person acting on the Defendant's behalf or as his representative in the investigation, preparation or maintenance of this action. (rec. doc. 52-3, page 2)

Defendant's objection that this definition "attempts to associate persons and entities that are not related to EcoProduct or are not relevant to this litigation" is puzzling. While EPS could have elaborated on this objection in its opposition to the motion to compel, it failed to do so. Moreover, the court finds that this definition is sufficient as it relates to any individual acting as a representative of EPS or on its behalf.

The next objection raised by EPS in its responses are that the information is protected by the attorney-client and work product privileges. There is no mention as to whether or not a privilege log was provided. Thus, to the extent that a privilege log was not provided, EPS shall provide one. Regarding EPS's other specific objections, to the extent that the responses would involve confidential, trade secret, or propriety information, the parties may file a joint protective order regarding same.

The last item raised by Cajun is the method used by EPS to provide documents, *i.e,* the CD containing thousands of unorganized and unlabeled documents. Rule 34 (E)(i) of the Federal Rules of Civil Procedure states that a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Simply randomly placing documents on a CD is not what the Rule envisions. Moreover, placing numerous duplicative and irrelevant documents on the CD is an unacceptable and sloppy production. EPS shall fully respond to the discovery requests in accordance with Rule 34(E)(i), including organizing and labeling the documents to correspond to the requests.

Finally, the court notes that this litigation has been ongoing since August 2006, and there has been no real discovery exchanged. While there may be a forthcoming motion to abate, there is not now one before this court, and EPS must cooperate in discovery.IN light of EPS's unfounded failure to cooperate in discovery, the court will award Cajun attorneys' fees and costs associated with the filing of this motion.

*Conclusion*

Accordingly,

**IT IS ORDERED THAT** defendant's motion to compel more complete responses from plaintiff is **GRANTED** as follows:

1. The parties shall prepare a joint protective order regarding any information relating to confidential or trade secret information within fifteen (15) days of this Order;

2. EPS shall fully respond to the written discovery within thirty (30) days of this Order;

3. EPS shall specifically organize and label any documents to correspond with the categories set forth in the request for production as set forth in Rule 34 of the Federal Rules of Civil Procedure;

4. All claims for protection on the basis of attorney-client privilege or work product privilege shall be accompanied by a privilege log, served simultaneously with the responses to production; and

5. EPS shall pay Cajun for its attorneys' fees and costs associated with the filing of this motion, not to exceed $500, within thirty (30) days of this Order.

Signed in Baton Rouge, Louisiana, on May 15, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**